UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ERNEST PATTON**            :        CIVIL ACTION  NO. 2:14-cv-902
   BOP #06498-112                           SECTION P

**VERSUS**                   :        JUDGE TRIMBLE

**C. MAIORANA**              :        MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 USC §2241 by petitioner Ernest Patton.  Patton is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"); he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 USC §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

I.
Background

Following a jury trial, Patton was found guilty of racketeering and conspiracy. Doc. 5, att. 1, p. 2.  In April of 1999 he was sentenced in the United States District Court for the Northern District of Georgia to 480 months imprisonment. *Id.*  Thereafter, Patton appealed the judgment of conviction and sentence, which the U.S. Eleventh Circuit Court of Appeals affirmed on April 21, 2001. *Id.*

Patton then filed a motion to vacate, set aside or correct sentence pursuant to 28 USC §2255 which was denied on July 29, 2003. *Id.*  He appealed the denial but on December 5, 2003,

the Eleventh Circuit dismissed his appeal on grounds that it lacked of jurisdiction. *Id*. On June 21, 2004, certain counts still pending against Patton were dismissed. *Id*. At some point thereafter, Patton filed a petition under 28 USC §2241 which was dismissed by the U.S. District Court for South Carolina on April 5, 2005. See *Patton v. LaManna*, 3:05-cv-312, doc. 11.

On January 1, 2006, Patton filed a subsequent motion to reduce sentence. It too was denied on March 24, 2006, on grounds that it was successive and because the case on which the petitioner relied for relief did not apply retroactively on collateral review. Doc. 5, att. 1, p. 3.

On May 18, 2007, a second motion under §2241 was denied by the Northern District of Georgia for Patton's failure to exhaust his administrative remedies. See *Patton v. Keller*, 1:11-cv-224, doc. 12, p. 1. On January 21, 2011 he filed a third motion under §2241 which was also denied on July 12, 2012. *Id*. at doc. 1; *Id.* at doc. 17, p. 1.

Patton filed the instant §2241 petition, his fourth, on April 28, 2014. Doc. 1. In it he claims that he is actually innocent of the racketeering offense because there was no "finding of guilt by the jury…of the predicate act (possession with intent)…[and] in addition…[there was]…a judgment of acquittal on Count I of the superseding indictment…." Doc. 1, p. 4. Patton also claims that he is actually innocent of the enhanced sentence. Doc. 1, p. 5. Patton bases his claims on the recent Supreme Court decisions in *Alleyne v. United States,* 133 S.Ct. 2151 (2013) and *United States v. Rosemond,* 134 S.Ct. 1240 (2014).

## II.
## Law and Analysis

*Habeas corpus* petitions filed pursuant to 28 USC §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). By contrast a motion to vacate sentence filed pursuant to 28 USC § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Patton collaterally attacks his incarceration

arguing errors with respect to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first motion under §2255. *Reyes-Requena*, 243 F.3d at 904. The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Id.*

Patton does not satisfy the criteria set forth above. His reliance on the retroactive application of *Alleyne* and *Rosemond* in support of his claims is misguided because neither case provides the relief that he seeks. The Supreme Court has emphatically stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).[1] There

---

[1] Several district courts have well-noted the Court's holding on this issue. See *Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not… indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. Indeed, the Fifth Circuit recognized this fact when it addressed the issue in *In re Kemper*, 735 F.3d 211 (5th Cir. 2013) noting that "*Alleyne* is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review." 735 F.3d at 212.

Likewise, the same can be said of Patton's reliance on *Rosemond*. *Rosemond* involved a direct appeal from a criminal conviction, and there, the Supreme Court gave no indication that its decision should be given retroactive application to cases on collateral review. Unsurprisingly, we are unable to point to any precedent from this court or that of others that supports such retroactive application of *Rosemond* on collateral review. See *Montana v. Cross*, 2014 WL 5091708, at 3 (S.D. Ill. Oct. 10, 2014); *Taniguchi v. Butler*, 2014 WL 5063748, at 5 (E.D. Ky. Oct. 8, 2014); *Rainwater v. Werlich*, 2014 WL 4273631, at 2 (W.D. La. Aug. 29, 2014); *Minaya v. United States*, 2014 WL 4229993, at 2 (S.D.N.Y. Aug. 19, 2014); *Martinez v. United States*, 2014 WL 3361748, at 2 (N.D. Tex. July 9, 2014).

As such, neither of the cases Patton relies upon are applicable and his §2241 *habeas* petition should be dismissed accordingly.

### III.
### Conclusion

Since Patton has not met the savings clause requirements, his claims are not properly brought under §2241, and this court lacks jurisdiction to consider his claims under §2255. In sum, he has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the savings clause of that provision.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE